IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action |
| | ) | No. 4:13-cv-01522-RBH |
| and | ) | |
| | ) | |
| STATE OF SOUTH CAROLINA by and through | ) | |
| the DEPARTMENT OF HEALTH AND | ) | |
| ENVIRONMENTAL CONTROL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF TIMMONSVILLE, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF FLORENCE, | ) | |
| | ) | |
| Permissively-Joined Party Pursuant to | ) | |
| Fed. R. Civ. P. 20(a)(2)(A). | ) | |
| ——————————————————————— | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the parties' joint motion to enter the proposed consent decree, filed on October 28, 2013. (Doc. No. 12). For reasons more fully expressed herein, the Court **ADOPTS** and **ENTERS** the parties' proposed consent decree.

## I.    FACTUAL AND PROCEDURAL HISTORY

This case involves claims brought by the Plaintiffs against the Town of Timmonsville, South Carolina ("Timmonsville" or "Defendant") for violations of the Federal Water Pollution

Control Act, as amended by the Clean Water Act of 1977 and the Water Quality Act of 1987

("Clean Water Act" or "CWA"), 33 U.S.C. § 1251 et seq.; the South Carolina Pollution Control

Act ("SCPCA"), S.C. Code Ann. § 48-1-10 et seq.; and the State of South Carolina Safe

Drinking Water Act ("SC SDWA"), S.C. Code Ann. §§ 44-55-10 to -120; in connection with

Timmonsville's operations of its publicly owned treatment works ("POTW") and public water

system ("PWS").  (Doc. No. 1).

      The Plaintiffs in this case are the United States of America ("United States"), on behalf of

the United States Environmental Protection Agency ("EPA"), and the South Carolina

Department of Health and Environmental Control ("SCDHEC"), on behalf of the State of South

Carolina.  The Complaint was initially filed on June 5, 2013 (Doc. No. 1), and was brought

pursuant to Section 504 of the CWA, 33 U.S.C. § 1364(a), and Section 44-55-90(C) of the SC

SDWA, S.C. Code Ann. § 44-55-90(C), to require the Defendant to abate the imminent and

substantial endangerment to the health of persons and the environment presented by the

discharge and potential discharge of untreated or partially-treated sewage from Timmonsville's

publicly owned treatment works ("Timmonsville POTW"), including the Timmonsville POTW

Treatment Plant (or "Timmonsville WWTP"), sanitary sewer system, manholes, pipes, and

pumping stations; and to require the Defendant to abate the potential hazard to the health of its

consumers presented by the potential introduction of contaminants into the Timmonsville's

public water system ("Timmonsville PWS") from the Defendant's failure to properly operate and

maintain its PWS infrastructure, including the clearwell and filters at the Timmonsville water

treatment plants.  The Plaintiffs also sought injunctive relief and assessment of penalties against

the Defendant for these violations, pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. §

1319(b) and (d); Sections 48-1-50(4) and 48-1-330 of the SCPCA, S.C. Code Ann. §§ 48-1-50(4)

and 48-1-330; and Sections 44-55-90(B)(1) and (C) of the SC SDWA, S.C. Code Ann. §§ 44-55-90(B)(1) and (C).

The Complaint set forth a total of ten claims for relief against Timmonsville (Doc. No. 1), including, inter alia: (1) that the Defendant violated the Section 504 of the CWA, 33 U.S.C. § 1364, by operating and failing to maintain its POTW such that the POTW discharged or threatened to discharge pollutants in a manner that presented an imminent and substantial endangerment to the health and welfare of persons; (2) that the Defendant violated Section 44-55-40(D) of the SC SDWA, S.C. Code Ann. § 44-55-40(D), by operating and failing to maintain its PWS such that the PWS presented a potential hazard to the health of consumers; (3) that the Defendant failed to meet the limitations and conditions contained in its National Pollution Discharge Elimination System ("NPDES") permits issued by SCDHEC and the EPA under Section 402(a) of the CWA, 33 U.S.C. § 1342; (4) that the Defendant unlawfully discharged pollutants in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and Sections 48-1-90(A)(1) and 48-1-110(d) of the SCPCA, S.C. Code Ann. §§ 48-1-90(A)(1) and 48-1-110(d); (5) that the Defendant failed to fully comply with administrative orders issued to the Defendant by the EPA, pursuant to Section 309 of the CWA, 33 U.S.C. § 1319; and (6) that the Defendant failed to fully comply with administrative orders issued to the Defendant by SCDHEC, pursuant to Section 44-55-80(A)(3) of the SC SDWA, S.C. Code Ann. § 44-55-80(A)(3).

Due to the inability of the Defendant to undertake actions necessary to bring its sewer and drinking water utilities into compliance with the law, discussions were commenced with the City of Florence, South Carolina ("Florence") regarding Florence taking over Timmonsville's POTW and PWS.  Those discussions intensified after the initial Complaint was filed against Timmonsville on June 5, 2013, and the discussions culminated in an Agreement to Convey

Utility and Grant Franchise ("Agreement") between Timmonsville and Florence.  A copy of the Agreement is appended to the proposed consent decree.  Pursuant to South Carolina law, Timmonsville held a special election on June 25, 2013 regarding transfer of the POTW and PWS to Florence. The referendum passed by margin of 395 for and 48 against the conveyance. Therefore, under the proposed consent decree and in accordance with the Agreement, Florence will assume the responsibilities for bringing Timmonsville's POTW and PWS into compliance with the CWA, the SCPCA and the SC SDWA.

On September 9, 2013, the Plaintiffs lodged with this court a proposed consent decree, resolving the claims brought in this lawsuit.  (Doc. No. 10).  The Plaintiffs also simultaneously filed an Amended Complaint, adding Florence as a permissively-joined party pursuant to Fed. R. Civ. P. 20(a)(2)(A).  (Doc. No. 9).  In accordance with 28 C.F.R. § 50.7 and Section XXI of the consent decree, notice of the proposed consent decree was published on September 17, 2013 in the Federal Register. 78 Fed. Reg. 57,175.  The notice invited the public to comment on the proposed consent decree within thirty days.  The Plaintiffs did not receive any public comments on the proposed consent decree.

This Motion is unopposed; Defendant and Florence specifically consented to the entry of the Decree "without further notice."  See Doc. No. 12 at 58, ¶ 120.  Additionally, as indicated in the Motion, all parties support entry of the consent decree.  See Doc. No. 12 at 1.

## II.     CONSENT DECREE STANDARD

A consent decree is a negotiated agreement that is entered as a judgment of the court and thus has attributes of both contracts and judicial decrees.  Local 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 519 (1986); United States v. ITT Cont'l Baking Co., 420 U.S.

4

223, 236 (1975).  Additionally, a "consent decree is also a continuing order, one having prospective effect."  United States v. City of Welch, 2012 U.S. Dist. LEXIS 14065, *4, citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994).

The standard to be applied in reviewing this proposed Consent Decree is whether the Decree "is fair, adequate, and reasonable" and "not illegal, a product of collusion, or against public interest."  United States v. North Carolina, 180 F. 3d 574, 581 (4th Cir. 1999); see also United States v. Oregon, 913 F.2d 576, 580 (9th Cir. 1990), cert. denied sub nom, Makah Indian Tribe v. United States, 501 U.S. 1250 (1991); United States v. City of Jackson, 519 F.2d 1147, 1151 (5th Cir. 1975).  There is a strong presumption in favor of approval of a consent decree proposed by the United States on behalf of EPA.  See, e.g., SEC v. Randolph, 736 F.2d 525, 529 (9th Cir. 1984); United States v. Cannons Eng'g Corp., 720 F. Supp. 1027, 1035 (D. Mass. 1989), aff'd, 899 F.2d 79 (1st Cir. 1990) ("The presumption in favor of settlement is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency specially equipped, trained, or oriented in the field.  EPA is such an agency."); United States v. Hooker Chems. & Plastics Corp., 540 F. Supp. 1067, 1072 (W.D.N.Y. 1982).

Entry of a settlement agreement is a judicial act and, as such, requires approval by the Court; however, a court does not have the power to modify a settlement; it may only accept or reject the terms to which the parties have agreed.  Williams v. City of New Orleans, 694 F.2d 987, 993 (5th Cir. 1982) ("In determining whether to approve or reject a proposed [consent] decree, the district court's function is not to tailor the relief itself . . . ."), aff'd on rehearing en banc, 729 F.2d 1554 (5th Cir. 1984); Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983).  Review of a settlement agreement is

committed to the informed discretion of the trial judge.  United States v. Hooker Chem. &
Plastics Corp., 776 F.2d 410, 411 (2d Cir. 1985); see also Officers for Justice, 688 F.2d at
625-26; City of Detroit v. Grinnell Corp., 495 F.2d 448, 455 (2d Cir. 1974).  This discretion
should be exercised to further the strong policy favoring voluntary settlement of litigation.  See
Hooker Chem., 776 F.2d at 411; Citizens for a Better Env't v. Gorsuch, 718 F.2d 1117, 1126
(D.C. Cir. 1983), cert. denied sub nom., Union Carbide Corp. v. Natural Res. Def. Council, Inc.,
467 U.S. 1219 (1984); United States v. Louisiana, 527 F. Supp. 509, 511 (E.D. La. 1981).

### III.    ANALYSIS

The Plaintiffs submit that the proposed consent decree is fair, adequate and reasonable
because it was negotiated in good faith, addresses the allegations in the Complaint, and is
consistent with the CWA, the SCPCA and the SC SDWA.  The consent decree was vetted,
examined and agreed to by the Plaintiffs, the Defendant and Florence after review.

The proposed consent decree provides for the injunctive relief sought by the Plaintiffs,
including, inter alia, requiring the Defendant to: (1) take actions to abate the imminent and
substantial endangerment to the health of persons and the environment presented by the
discharge and potential discharge of untreated or partially-treated sewage from the Timmonsville
POTW; (2) take actions to abate the potential hazard to the health of its consumers presented by
the potential introduction of contaminants into the Timmonsville PWS; (3) implement measures
to eliminate or minimize sanitary sewer overflows from the Timmonsville POTW, including
developing a sanitary sewer overflow response plan, evaluating the system's ability to avoid
SSOs in the event of power loss, and developing a plan to maintain the POTW's gravity sewer
mains; (4) address whole effluent toxicity violations in the POTW's effluent discharge;
(5) evaluate the Timmonsville WWTP's capacity to eliminate or minimize effluent limitation

violations; and (6) implement measures to bring the Timmonsville PWS into compliance with the SC SDWA.

Due to the financial inability of the Defendant to undertake actions necessary to bring its POTW and PWS into compliance with the law, Florence agreed to assume the Defendant's responsibilities for bringing the Timmonsville POTW and PWS into compliance with the CWA, SCPCA and SC SDWA.  Although a civil penalty was not assessed against Timmonsville, the proposed consent decree provides for stipulated penalties in the event of noncompliance with the requirements of the proposed consent decree.

In determining whether a settlement is fair, a court should look to factors such as the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in litigation if the settlement is not approved.  United States v. Rohm & Haas Co., 721 F. Supp. 666, 680-81 (D.N.J. 1989).  Based on this standard, the proposed consent decree is unquestionably fair.  In determining whether a settlement has been entered into in good faith, the court stated in City of New York v. Exxon Corp., that no one had "come forward with any evidence . . . casting doubt on the good faith of the settling parties . . . ."  697 F. Supp. 677, 693 (S.D.N.Y. 1988).  No comments were submitted suggesting that the parties did not act in good faith in negotiating the terms of the proposed consent decree.  Moreover, given the dire financial circumstances of the municipal Defendant, the Plaintiffs have concluded that assessing a civil penalty was not appropriate.

In determining whether a settlement is reasonable and consistent with the CWA, SCPCA and SC SDWA, the court focuses on the substance of the proposed consent decree.  The most important criterion in evaluating reasonableness is whether the settlement is in the public

interest.  Rohm & Haas, 721 F. Supp. at 687.  The Plaintiffs assert that the proposed consent

decree is adequate and reasonable because the injunctive relief provided for in the proposed

consent decree requires the Defendant to undertake measures under the oversight of the EPA and

SCDHEC to ensure protection of public health and the environment.  (Doc. No. 12-1, at 8).

Additionally, the parties have devoted considerable time to bring about the settlement

represented by the proposed consent decree.  Were the case to proceed to trial, the litigation

would consume a considerable amount of the court's time.  See United States v. Conservation

Chem. Co., 628 F. Supp. 391, 403 (W.D. Mo. 1985).  Such a result would neither further the

interests of the public nor conserve the resources of this court.

Here, the injunctive relief and lack of civil penalty reflected in the proposed consent

decree are fair and reasonable in light of the factors cited above.  The proposed consent decree

requires that Florence, having assumed responsibility for the obligations under the consent

decree for the Defendant, implement certain measures to address the CWA, SCPCA and SC

SDWA deficiencies in the Timmonsville POTW and PWS at an approximate cost of $12 million.

The decision by the Plaintiffs not to seek a civil penalty against Timmonsville is also fair and

reasonable, given Timmonsville's financial straits.  In addition, the settlement is reasonable

because it requires a comprehensive injunctive relief program designed to substantially reduce or

eliminate CWA, SCPCA and SC SDWA violations by the Timmonsville POTW and PWS.

Finally, the settlement is not illegal or contrary to the public interest.  On the contrary, the

proposed consent decree seeks to achieve the goals of bringing the struggling Timmonsville

POTW and PWS into permanent and consistence compliance with laws designed to protect

human health and the environment.

IV.     **CONCLUSION**

Given the amount of time the parties have conducted settlement negotiations, the fair, adequate and just agreement between the parties, the desirability of the proposed long-term solution and as no person has opposed entry of the consent decree, the court **ORDERS** as follows:

1.     That the proposed consent decree be entered with the court's approval on this same date; and

2.     That the court retain jurisdiction pursuant to Section XVIII of the proposed consent decree and any other provision contemplating the potential for future action by the court.

It is **SO ORDERED** on this 26th day of November, 2013.

s/R. Bryan Harwell
The Honorable R. Bryan Harwell
UNITED STATES DISTRICT JUDGE
District of South Carolina
Florence Division